UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| JOSEPH A. S.[1], <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, <br><br> Defendant. | Case No.: 6:18-cv-01989-MK <br><br> OPINION AND ORDER |

**KASUBHAI, Magistrate Judge:**

      Plaintiff Joseph A. S. brings this action for judicial review of the Commissioner of Social Security's ("Commissioner's") decision denying his application for Disability Insurance Benefits under the Social Security Act (the "Act"). This Court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c). Both parties consent to jurisdiction by a U.S. Magistrate Judge.

      For the reasons discussed below, the Court remands for the immediate calculation and award of benefits.

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental parties in this case.

1 – OPINION AND ORDER

## BACKGROUND

Plaintiff protectively filed an application for Disability Insurance Benefits on March 10, 2015, alleging disability beginning March 7, 2015. Tr. 15. His claims were denied initially and upon reconsideration, and Plaintiff timely requested and appeared for a hearing before Administrative Law Judge ("ALJ") John D. Sullivan on December 9, 2015. Tr. 15. The ALJ denied Plaintiff's application in a written decision dated November 21, 2017. Tr. 15-27. Plaintiff sought review from the Appeals Council. The Appeals Council denied review of the ALJ's decision, rendering the ALJ's decision the final decision of the Commissioner. Tr. 1-3. Plaintiff now seeks judicial review of the decision.

## STANDARD OF REVIEW

A reviewing court shall affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial evidence exists, a court reviews the administrative record as a whole, "weighing both the evidence that supports and detracts from the ALJ's conclusion." *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989).

## THE SEQUENTIAL ANALYSIS

The Social Security Administration utilizes a five-step sequential evaluation to determine whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920. The initial burden of proof rests upon the claimant to meet the first four steps. *Id.* If the claimant satisfies his burden with

respect to the first four steps, the burden shifts to the commissioner at step five. *Id.*; *see also Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995).

At step one, the Commissioner determines whether the claimant is engaged in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). At step two, the Commissioner determines whether the claimant has one or more severe impairments that are expected to result in death or that has lasted or is expected to last for a continuous period of at least twelve months. 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii), 416.909, 416.920(a)(4)(ii). At step three, the Commissioner determines whether any of those impairments "meets or equals" one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listings"). 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)(ii). The Commissioner then assesses the claimant's residual functional capacity ("RFC"). *Id.* At step four, the Commissioner determines whether claimant's FRC allows for any past relevant work. *Id.* At step five, the Commissioner must show that the claimant is capable of making an adjustment to other work after considering the claimant's residual functional capacity ("RFC"), age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the Commissioner fails to meet this burden, then the claimant is disabled. *Id.* If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Id.*; *see also Bustamante v. Massanari*, 262 F.3d 949, 953–54 (9th Cir. 2001).

## DISCUSSION

In the present case, at step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since the alleged onset date of March 7, 2015. Tr. 18. At step two, the ALJ found that Plaintiff had the following severe impairments: "Charcot-Marie-Tooth [("CMT")] disease; status post left[-]hand injury, with loss of tips of left second, third, and fourth fingers."

*Id.* At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of a listed impairment in the Listings. *Id.*

Prior to step four, the ALJ determined that Plaintiff retained the RFC that allowed him to perform sedentary work "except he could occasionally climb ramps/stairs; he should avoid climbing ladders, ropes, or scaffolds; he could occasionally balance, stoop, kneel, crouch, or crawl; he could occasionally operate hand controls bilaterally; he could occasionally handle and finger bilaterally; he could occasionally operate a motor vehicle; and his time off task could be accommodated by normal breaks." *Id.*

At step four, the ALJ found that Plaintiff was unable to perform past relevant work. Tr. 25. At step five, the ALJ found that Plaintiff retained the ability to perform the representative job of call out operator. Tr. 26-27. The ALJ found that Plaintiff was not disabled. Tr. 27.

Plaintiff seeks review by this Court contending that the ALJ erred in (1) improperly discounting treating doctor Dr. Balm's opinion, and (2) improperly rejecting Plaintiff's subjective complaints. Pl.'s Br. 5, ECF No. 17.

**I. Medical Opinion Evidence**

The ALJ is responsible for resolving conflicts in the medical record, including conflicts among physicians' opinions. *Carmickle v. Comm'r., Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008). Specific and legitimate reasons for rejecting a physician's opinion may include its reliance on a claimant's discredited subjective complaints, inconsistency with medical records, inconsistency with a claimant's testimony, inconsistency with a claimant's daily activities, or that the opinion is brief, conclusory, and inadequately supported by clinical findings. *Bray v. Commissioner*, 554 F.3d 1219, 1228 (9th Cir. 2009); *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008); *Andrews v. Shalala*, 53 F.3d 1035, 1042–43 (9th Cir. 1995). An ALJ errs by

rejecting or assigning minimal weight to a medical opinion "while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis" for the ALJ's conclusion. *Garrison v. Colvin*, 759 F.3d 995, 1013 (9th Cir. 2014); *see also Smolen v. Chater*, 80 F.3d 1273, 1286 (9th Cir. 1996) (noting that an ALJ effectively rejects an opinion when he or she ignores it).

"An ALJ can satisfy the 'substantial evidence' requirement by 'setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Garrison*, 759 F.3d at 1012 (quoting *Reddick v. Chater*, 157 F.3d 715, 725). In other words, "[t]he ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Reddick*, 157 F.3d at 725 (citing *Embrey v. Bowen*, 849 F.2d 418, 421–22 (9th Cir. 1988)). "[T]he opinion of a nonexamining medical advisor cannot by itself constitute substantial evidence that justifies the rejection of the opinion of an examining or treating physician." *Morgan v. Comm'r Soc. Sec. Admin.*, 169 F.3d 595, 602 (citations omitted); *but see id.* at 600 (opinions of non-treating or nonexamining physicians may serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record).

Here, the ALJ assigned little weight to treating neurologist Dr. Balm's opinion in favor of the conflicting opinions of state agency medical consultants Dr. Goo and Dr. Lahr, and the opinion of consultative examiner Dr. Lassegard. Tr. 25-26. The ALJ reasoned that (1) Dr. Balm's opinion that Plaintiff was disabled is an issue reserved to the Commissioner, and (2) Dr. Balm's opinion is not consistent with the record as a whole. Tr. 26.

As a preliminary matter, "the regulations give more weight … to the opinions of specialists concerning matters relating to their specialty over that of nonspecialists." *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001); *see* 20 C.F.R. § 404.1527(d)(5). Plaintiff notes that none of the consultants is a neurology specialist – Dr. Goo's specialty is internal medicine, Dr. Lahr's specialty is pediatrics, and Dr. Lassegard is a general medicine examiner. Pl.'s Br. 9, ECF No. 17 (citing the doctors' specialty codes and Tr. 289). In addition, while the ALJ correctly stated that the determination of disability is an issue reserved to the Commissioner, the ALJ still must satisfy the substantial evidence based on specific and legitimate reasons in rejecting a physician's opinion. 20 C.F.R. §§ 404.1527(d)(1), 416.927(d)(1); *Garrison*, 759 F.3d at 1012; *Bray*, 554 F.3d at 1228; *Tommasetti*, 533 F.3d at 1040; *Andrews*, 53 F.3d at 1042–43.

The ALJ rejected Dr. Balm's opinion because Dr. Balm's opinion is not consistent with the record. Tr. 25. The ALJ reasoned as follows. "[I]n December 2015, [Dr. Balm] stated that the claimant would not be able to perform his past manual labor jobs …[,]" however, "[i]n March 2017, [Dr. Balm] observed that the claimant was a stay-at-home caregiver for his small child, which is not consistent with an inability to do any kind of work." *Id.* Additionally, "medication significantly helped the claimant's symptoms." *Id.* "While Dr. Balm opined that the claimant needed to rest for 15 minutes each hour due to the fatigue, the claimant often denied symptoms of fatigue." *Id.* "While Dr. Balm opined that the claimant would miss more than four days per month, he did not explain the basis for this, and the claimant's symptoms of CMT appear to have been fairly stable during the period at issue." *Id.* The Court will address each reason in turn.

The Ninth Circuit has held that when an ALJ failed to provide specific details about a claimant's childcare responsibilities, childcare responsibilities "cannot constitute 'substantial

evidence' inconsistent with [the treating physician]'s informed opinion." *Trevizo v. Berryhill*, 871 F.3d 664, 676 (9th Cir. 2017). Here, the ALJ questioned Plaintiff at the hearing regarding Plaintiff's childcare responsibilities:

> Q  Were you able to do care providing for him [Plaintiff's two-year old son]?
> A  I was able to do some care providing for him, yes.
> Q  Did you have some problems doing what you needed to do for your son?
> A  Yes, I did.
> Q  What problems did you have?
> A  I was having a hard time just in general taking care of him. The diaper changing was hard, let alone trying to feed – cook food and feed him was getting difficult.

Tr. 50.

Despite Plaintiff's testimony that he was having difficulties in taking care of his son in diaper changing, cooking and feeding him, the ALJ did not inquire further to develop a record regarding the details of Plaintiff's childcare responsibilities. For example, the ALJ did not ask how many times Plaintiff changed diapers, how long it took him to change diapers, cook or feed his son, how long his son napped, whether he performed other tasks when caring his son, the frequency with which he did those tasks, the length of time Plaintiff cared for his son, or whether Plaintiff cared for his son alone or with the assistance of other family members. *See Trevizo*, 871 F.3d at 676. Nevertheless, the ALJ assumed that Plaintiff's childcare responsibilities "would have involved lifting and carrying him; preparing meals; changing his diaper, etc., [which] indicate that he was quite functional and more active than alleged in spite of his symptoms …" Tr. 23. Following the Ninth Circuit's holding, because the ALJ failed to develop the record for details of Plaintiff's childcare responsibilities, such responsibilities cannot constitute substantial evidence to reject Dr. Balm's informed opinion. *See id.*

The ALJ also suggested that Plaintiff "was not incapable of any work." Tr. 25. As support for this finding, the ALJ noted Plaintiff's childcare responsibilities and Dr. Balm's

statement that Plaintiff would not be able to perform his past manual labor work. *Id.* The Ninth Circuit has warned that "[t]he Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits, and many home activities may not be easily transferable to a work environment where it might be impossible to rest periodically or take medication." *Smolen v. Chater*, 80 F.3d 1273, 1287 n. 7 (9th Cir. 1996). "[M]any home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). As discussed above, the ALJ erred in rejecting Dr. Balm's opinion based on Plaintiff's childcare responsibilities. Additionally, as noted by Plaintiff, Dr. Balm's opinion does not suggest that Plaintiff could not perform any activity. Pl.'s Br. 11, ECF No. 17. Rather, Dr. Balm opined that Plaintiff would not be able to perform his past manual labor work and that he fully supported finding that Plaintiff was permanently disabled. Tr. 353. Thus, the ALJ's conclusion that Plaintiff was not incapable of any work is flawed, and fails to meet the substantial evidence standard.

With regard to the ALJ's finding that "medication significantly helped [Plaintiff]'s symptoms," the ALJ failed to view the record as a whole. *Garrison*, 759 F.3d at 1017 n. 23 ("The ALJ was not permitted to 'cherry-pick' from those mixed results to support a denial of benefits …"). The record shows that although Plaintiff reported that he was tolerating Gabapentin well and Baclofen helped his cramping, he "has had increased falls related to his severe bilateral lower extremity weakness." Tr. 340-41. Plaintiff testified that "there [i]s a lot of pain all the time" and that the medication only lessens the pain. Tr. 44. He drops things frequently, he shakes because of the tremor, and he suffers cramping every day. Tr. 46-48. Plaintiff cannot focus on anything except the cramping and the pain. Tr. 48. The medical record

consistently documents the same symptoms. *See* Tr. 333, 335, 341, 347, 352-53. Dr. Balm's clinical findings are also consistent with Plaintiff's testimony: "loss of reflexes and sensation in [the] feet and hands[;] weakness [in the] legs and arms; [and] unsteady stance and gait (risk for falls)." Tr. 313.

"There can be a great distance between a patient who responds to treatment and one who is able to enter the workforce, and that difference is borne out in Dr. [Balm]'s treatment notes." *See Garrison*, 759 F.3d at 1017 n. 23 (citing *Scott v. Astrue*, 647 F.3d 734, 739-40 (7th Cir. 2011)). Dr. Balm's notes show that although Plaintiff's symptoms had improved with treatment, he nevertheless continued to experience pain and cramping and suffer the risk for falls because of "permanent progressive peripheral nerve degeneration." *See id.*; Tr. 312, 333, 335, 341, 347, 352-53. As such, the ALJ erred in narrowly focusing on some evidence of effective treatment and not considering the record as a whole.

The ALJ also rejected Dr. Balm's opinion on the basis that Plaintiff "often denied symptoms of fatigue." Tr. 25 (citing Tr. 317, 319, 325). However, the record elsewhere documents Plaintiff's fatigue and poor energy which is consistent with Dr. Balm's opinion. *E.g.*, Tr. 292, 308, 337, 343, 350. Therefore, viewing the record as a whole, the ALJ erred in rejecting Dr. Balm's opinion based on "cherry-picked" evidence. *Garrison*, 759 F.3d at 1017 n. 23.

As to the ALJ's finding that Plaintiff's CMT symptoms "appear to have been fairly stable[,]" the ALJ does not cite any record or a physician's opinion to support this conclusion. *See* Tr. 25. The Court is unable to identify any medical opinion in the record to support this conclusion. To the contrary, CMT is a "permanent progressive peripheral nerve degeneration." Tr. 312; *see also* Tr. 308 (Plaintiff reported gradual progression of neuropathic problems including weakness, reduced balance, and pain), Tr. 225 (Plaintiff reported progressive

deterioration of his extremities that impacted his ability to walk, stand, squat, and lift). For this reason, the ALJ's finding that Plaintiff's CMT symptoms are "fairly stable" does not accurately characterize Plaintiff's condition and does not meet the substantial evidence standard.

Finally, the ALJ found that Dr. Balm did not explain his opinion in the Medical Evaluation form that Plaintiff would miss more than four days per month. Tr. 25, 314. The Commissioner argues that an ALJ may reject an opinion that does not contain any explanation of the basis of its conclusion. Def.'s Br. 10, ECF No. 169 (citing *Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996)). Although Dr. Balm did not explain his opinion in the Medical Evaluation form, the treatment record as a whole consistently documents Plaintiff's "loss of reflexes and sensation in [the] feet and hands[;] weakness [in the] legs and arms; [and] unsteady stance and gait (risk for falls)." Tr. 333, 335, 341, 347, 352-53. The Court does not find Dr. Balm's opinion to be baseless. The ALJ's discounting of Dr. Balm's opinion based on this reason is not supported by substantial evidence.

"Where the Commissioner fails to provide adequate reasons for rejecting the opinion of a treating or examining physician, [the Ninth Circuit] credits that opinion 'as a matter of law.'" *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 995). As discussed above, the ALJ did not provide adequate reasons to discount specialist Dr. Balm's opinion in favor of the three non-specialists' opinions. *See Holohan*, 246 F.3d at 1202. The Court therefore credits Dr. Balm's opinion as a matter of law. *Lester*, 81 F.3d at 834.

## II. Subjective Symptom Testimony

When a claimant has medically documented impairments that could reasonably be expected to produce some degree of the symptoms complained of, and the record contains no affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the

severity of . . . symptoms only by offering specific, clear and convincing reasons for doing so." *Smolen*, 80 F.3d at 1281 (internal citation omitted). A general assertion the claimant is not credible is insufficient; instead, the ALJ must "state which … testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). The reasons proffered must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (internal citation omitted). If the ALJ's finding regarding the claimant's subjective symptom testimony is "supported by substantial evidence in the record, [the court] may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (internal citation omitted).

Social Security Ruling ("SSR") 16-3p[2] provides that "subjective symptom evaluation is not an examination of an individual's character," and requires the ALJ to consider all of the evidence in an individual's record when evaluating the intensity and persistence of symptoms. SSR 16-3p, *available at* 2016 WL 1119029 at *1-2. The ALJ must examine "the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." *Id.* at *4.

Here, the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to produce the … alleged symptoms; however, [his] statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained

---

[2] Effective March 28, 2016, SSR 16-3p supersedes and replaces SSR 96-7p, which governed the assessment of claimant's "credibility." *See* SSR 16-3p, *available at* 2016 WL 1119029.

in this decision." Tr. 20. Although the ALJ acknowledged that "the limited medical record does support significant limitations," the ALJ rejected Plaintiff's subjective complaints because "[the limited medical record] and the other evidence of record supports the claimant's maximum residual functional capacity for a reduced range of sedentary work." *Id.*

The ALJ offered the following reasons. Plaintiff was able to work in the past despite his CMT. *Id.* "Even if [Plaintiff] has since been unable to perform a job involving what appeared to be a high level of exertion, … he has been able to perform a reduced range of sedentary work" which "is supported by the objective examination findings of [Dr.] Lassegard[.]" Tr. 20-21. Additionally, the ALJ explained that Dr. Simmons's counseling of exercise and a healthy lifestyle "suggests [that] he felt the claimant [is] capable of and likely to benefit from increased physical exertion and activity." Tr. 21. The ALJ further discounted Plaintiff's subjective complaints because medications "significantly alleviated the claimant's symptoms of pain, tremor, and cramps[,]" and because of Plaintiff's activities of daily living such as his childcare responsibilities, driving, playing videogames and guitar. Tr. 23.

The record documents the progressive determination of Plaintiff's health. As a young child, Plaintiff suffered mild tremor, demonstrated "a nice heel strike bilaterally," and was able to play basketball and "keep up with the other children." *See e.g.*, Tr. 234, 241, 249-51. In contrast, the more recent record shows, and the ALJ also found, that Plaintiff suffers "significant limitations." Tr. 20, 312, 333, 335, 341, 347, 352-53. Plaintiff stopped working at least 30 months before the hearing. Tr. 19. His hand symptoms and balance had worsened since he stopped working. Tr. 42.

The ALJ listed the objective findings of Dr. Lassegard and relied on Dr. Lassegard's opinion regarding Plaintiff's functioning as support for the ALJ's conclusion that Plaintiff can

12 – OPINION AND ORDER

perform sedentary work. Tr. 21, 24-25, 294-95. Dr. Lassegard opined that Plaintiff "can occasionally to frequently use his hands during an eight[-]hour work day." Tr. 295. As discussed above, the ALJ erred in rejecting Dr. Balm's opinion in favor of Dr. Lassegard's opinion (and the opinions of two other non-specialists). Consequently, the ALJ's reliance on Dr. Lassegard's opinion in rejecting Plaintiff's subjective complaints is flawed. Dr. Balm opined that Plaintiff would miss more than four days in a month. Tr. 314. The vocational expert testified that "any absences over one day per month is going to impact the ability to maintain employment." Tr. 57. Therefore, according to the vocational expert's testimony, Plaintiff would not be able to perform full time work if his testimony is credited.

The ALJ commented that Plaintiff is likely to benefit from increased physical exertion and activity. Tr. 21. That finding is not based on substantial evidence in the record because the ALJ failed to cite any record indicating that Plaintiff did not comply with the treatment recommendation of exercise and a healthy lifestyle. *See* Tr. 21; *Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012) (citing SSR 96-7p) ("[I]f the medical reports or records show that the [claimant] is not following the treatment as prescribed and there are no good reasons for this failure," the [claimant]'s statements may be less credible.).

Furthermore, the Ninth Circuit "has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from [the plaintiff's] credibility as to [his] overall disability." *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001). "One does not need to be 'utterly incapacitated' in order to be disabled." *Fair*, 885 F.2d at 603. "[A]ctivities such as walking in the mall and swimming are not necessarily transferrable to the work setting with regard to the impact of pain." *Vertigan*, 260 F.3d at 1050. In line with the Ninth Circuit's ruling,

the ALJ's reliance on Plaintiff's childcare responsibilities, driving, playing videogames and guitar does not satisfy the substantial evidence standard. In fact, Plaintiff is no longer able to fish, play guitar, or perform physical jobs due to pain and weakness. Tr. 349.

For the same reason the ALJ erred in rejecting Dr. Balm's opinion based on the notion that medication significantly helped Plaintiff's symptoms, the ALJ also erred in discounting Plaintiff's subjective complaints based on alleviation of symptoms.

For the above reasons, the ALJ failed to provide clear and convincing reasons supported by substantial evidence in rejecting Plaintiff's subjective complaints.

## CONCLUSION

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000), *cert. denied*, 531 U.S. 1038, 121 S.Ct. 628, 148 L.Ed.2d 537 (2000). The issue turns on the utility of further proceedings. A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is insufficient to support the Commissioner's decision. *Strauss v. Comm'r*, 635 F.3d 1135, 1138-39 (9th Cir. 2011) (quoting *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004)). The Court may not award benefits punitively and must conduct a "credit-as-true" analysis to determine if a claimant is disabled under the Act. *Id.* at 1138.

Under the "credit-as-true" doctrine, evidence should be credited and immediate award of benefits directed where: (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. *Id.* The "credit-as-true" doctrine leaves the

court flexibility in determining whether to enter an award of benefits upon reversing the Commissioner's decision. *Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2003) (citing *Bunnell v. Sullivan*, 947 F.2d 341, 348 (9th Cir. 2003)). The reviewing court should decline to credit testimony when "outstanding issues" remain. *Luna v. Astrue*, 623 F.3d 1032, 1035 (9th Cir. 2010).

Here, the first prong of the credit-as-true analysis is met because the ALJ failed to provide legally sufficient reasons for rejecting the treating neurologist Dr. Balm's opinion and Plaintiff's subjective complaints. As to the second prong, the Court credits Dr. Balm's opinion as a matter of law. *Supra*, Discussion, I. The Court also credits Plaintiff's subjective complaints which the ALJ improperly rejected. *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995) ("where the ALJ improperly rejects the claimant's testimony regarding his limitations, and the claimant would be disabled if his testimony were credited, 'we will not remand solely to allow the ALJ to make specific findings regarding that testimony.' Rather, that testimony is … credited as a matter of law."). Consistent with Dr. Balm's opinion that Plaintiff would miss more than four days of work each month, the vocational expert's testimony also supports that Plaintiff would not be able to keep a job. Tr. 57. Because there are no outstanding issues that must be resolved before a disability determination can made, the second prong of the credit-as-true doctrine is met. It is also clear from the record that the ALJ would be required to find Plaintiff disabled, satisfying the third prong of the credit-as-true doctrine.

For the reasons set forth above, the Court remands this case for the immediate calculation and award of benefits.

DATED this <u>6th</u> day of January 2020.

s/ Mustafa T. Kasubhai  
MUSTAFA T. KASUBHAI  
United States Magistrate Judge